# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:97CR290

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TROY LAMONT MCFARLANE (1), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582, filed November 16, 2005.

On June 1, 1998, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (Count One) and conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 963, 952 (Count Two). On May 6, 1999, Defendant was sentenced to 280 months imprisonment. On May 12, 1999, Defendant filed a Notice of Appeal. Judgment was entered on Defendant's sentence on June 28, 1999. On October 30, 2000, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which this Court dismissed in an Order dated April 30, 2002. Defendant appealed the Court's dismissal of his Section 2255 Motion and the Fourth Circuit Court of Appeals dismissed Defendant's appeal on January 2, 2003. Defendant now seeks to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). In support of his Motion, Defendant argues that: (1) the United States Sentencing Guidelines ("U.S.S.G.") was modified by *United States v. Booker*, 125 S.Ct. 738 (2005); (2) *Booker* is retroactively applicable to Defendant's case; and (3) Defendant's extraordinary efforts at post-sentencing rehabilitation allow the Court to reduce his sentence.

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

In the instant case, the section under which the Defendant was sentenced has not been amended to provide a reduction in his term of imprisonment. The fact that the *Booker* Court concluded that the U.S.S.G. are advisory does not constitute an amendment to the Guidelines. Moreover, the Fourth Circuit recently concluded that *Booker* is not retroactively applicable to criminal cases. *See United States v. Morris*, 429 F.3d 65, 72 (2005). Additionally, although Defendant's post-sentencing rehabilitation is significant, such rehabilitation is not a basis for this Court to reduce his sentence pursuant to § 3582(c)(2).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is hereby **DENIED**.

The Clerk is directed to send copies of this Order to Defendant, defense counsel, and the attorney for the Government.

Signed: February 1, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge