# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:97-cr-00290-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| TROY LAMONT McFARLANE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Nunc Pro Tunc Judgement [sic] under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 782 under U.S.S.G.," which the Court construes as a motion to clarify. [Doc. 317].

On October 7, 1997, the Defendant was indicted in this District on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 952. [Doc. 3]. On May 6, 1999, the Defendant was sentenced to a term of 280 months' imprisonment on each count, to run concurrently. [Doc. 247]. On August 4, 2015, pursuant to 18 U.S.C. § 3582

and Amendment 782 of the U.S. Sentencing Guidelines, this Court reduced the Defendant's sentence to a sentence of time served effective November 1, 2015. [Doc. 314].

The Defendant now moves for "clarification" of the Court's Order granting him relief under § 3582. Specifically, the Defendant argues that the Order granting him § 3582 relief should be amended to reflect a specific numeric sentence so that he may commence serving another federal sentence of 12 months that had been subsequently imposed by the Southern District of Georgia. [Doc. 317].

As the Court has previously noted [Doc. 316], the reduction in the Defendant's federal sentence imposed by this Court has no effect on any other undischarged sentences. To the extent that the Defendant is objecting to the calculation of his Georgia sentence, the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of her sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a

sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his as yet undischarged sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

For all of these reasons, the Defendant's motion for clarification is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Nunc Pro Tunc Judgement [sic] under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 782 under U.S.S.G.," which the Court construes as a motion to clarify [Doc. 317], is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 2, 2015

Martin Reidinger
United States District Judge